13565

# IN THE DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JOSEPH SAFWAN SHAHEEN** | § § | |
| **V.** | § § | Civil Action No. 1-21-cv-00265 |
| **JOSEPH SAFWAN SHAHEEN AND PURE TRANSPORTATION, LLC** | § § § | **JURY DEMAND** |

## Index to Notice of Removal

| Exhibit | Description |
|---|---|
| 1 | Plaintiff's Original Petition, Application for Temporary Restraining Order/Temporary Injunction filed on March 9, 2021 |
| 2 | Pure Transportation, LLC Citation |
| 3 | Joseph Safwan Shaheen Citation |

EXHIBIT 1

3/9/2021 8:52 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-001049
Ruben Tamez

CAUSE NO. D-1-GN-21-001049 _____

| | | |
|---|---|---|
| ZOE BARRIE, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | 201ST JUDICIAL DISTRICT |
| | § | |
| JOSEPH SAFWAN SHAHEEN and | § | |
| PURE TRANSPORTATION, LLC, | § | |
| | § | |
| *Defendants* | § | TRAVIS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER/TEMPORARY INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Zoe Barrie, files her Original Petition with Application for Temporary Restraining Order and Injunction, complaining of Defendants, Joseph Safwan Shaheen and Pure Transportation, LLC, and respectfully shows as follows:

**I.
DISCOVERY**

1. Plaintiff intends to conduct discovery in this suit under Level Three, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an order, agreed or otherwise, to this effect.

**II.
PARTIES**

2. **Plaintiff.** Zoe Barrie ("Plaintiff") is a natural person and at all times relevant to this cause of action has been and continues to be a resident of Austin, Travis County, Texas.

3. **Defendant.** Joseph Safwan Shaheen ("Shaheen") is a natural person and at all times relevant to this cause of action has been and continues to be a resident of Warren, Macomb County, Michigan. Defendant Shaheen can be served with citation via private process by serving him at his residence, 30407 Eiffel Avenue, Warren, Michigan, 48088, or wherever he may be found.

1

4. **Defendant.** Pure Transportation, LLC ("Pure") is a Michigan limited liability company doing business in the State of Texas. Defendant Pure can be served with citation via private process through its registered agent for service of process in Texas, Pamela Daniels/Blubonnet Process Service, at 10358 CR 3101, Winona, Texas 75792, or wherever she may be found.

### III.
### VENUE

5. Venue is proper in Travis County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code, § 15.002(a)(1) in that all or substantially all of the events concerning this incident occurred in Travis County, Texas.

### IV.
### FACTS

6. On February 4, 2021, Plaintiff was operating a 2016 Toyota Camry on traveling on Interstate Highway 35, near the Ceasar Chavez Street exit in Austin, Travis County, Texas. At the same time Defendant Shaheen was operating a tractor trailer combination, owned by and operated on behalf of Defendant Pure, traveling on IH-35. Defendant Shaheen made an unsafe lane change and suddenly, violently, and without warning collided into the rear driver's side of Plaintiff's vehicle. Defendant Shaheen was at all times within the course and scope of his employment for Defendant Pure. As a result of the collision, Plaintiff suffered severe and debilitating injuries.

### V.
### AGENCY AND RESPONDEAT SUPERIOR

7. At the time of the collision and the occurrences giving rise to this cause of action Defendant Shaheen was acting within the course and scope of his employment or official duties for Defendant Pure and in furtherance of the duties of his office or employment for Defendant Pure.

2

8. Moreover, at all times relevant hereto, Defendant Shaheen was a permissive user of the Defendant vehicle.

9. Additionally, at the time of the collision and at all other time relevant hereto, Defendant Shaheen was operating under the authority of Defendant Pure as an interstate or federal motor carrier.

10. Defendant Pure, as the employer and/or motor carrier, is responsible for the negligent acts or omissions of Defendant Shaheen under the principles of respondeat superior and by/or by virtue of statutory provisions including the Federal Motor Carrier Safety Act.

## VI.
## NEGLIGENCE

11. On the occasion in question, Defendants owed a duty to conduct themselves in a manner consistent with the traffic laws of the State of Texas and the United States and to act as a reasonably prudent person and/or entity would act.

12. Defendant Shaheen breached his duties to Plaintiff and acted in a manner that was negligent or negligent per se by engaging in wrongful conduct including, but not limited to:

   a. Failing to keep such a proper lookout as a person exercising ordinary prudence would have kept under the same or similar circumstances;
   b. Failing to control speed;
   c. Failing to take timely or proper evasive action to avoid the collision in question;
   d. Failing to yield the right of way;
   e. Failing to maintain one lane of travel;
   d. Failing to pay proper attention; and
   e. Failing to control the subject vehicle so that a collision would not occur.

13. Defendant Pure had a duty to exercise ordinary care to hire, qualify, train, and supervise Defendant Shaheen with respect to ensuring that he was and would continue to be a safe

3

driver with knowledge of the matters necessary for the proper operation of the vehicle that he controlled.

14. Defendant Pure breached its duty because it knew or should have known that its driver was not a capable, qualified, and knowledgeable driver.

15. Defendant Pure breached its duty because it failed to properly qualify Defendant Shaheen as a commercial motor vehicle operator.

16. Defendant Pure breached its duty because it failed to provide the necessary training for Defendant Shaheen to operate his vehicle in a safe manner and in conformity with the requirements of the law.

17. Defendant Pure breached its duty because it failed to supervise Defendant Shaheen and to adopt, implement and enforce safety policies and procedures to ensure that he operated his vehicle in a safe manner and could accomplish his work assignments in a safe manner.

18. Each of Defendants' acts and omissions, singularly or in combination with others, constituted negligence and/or negligence per se that proximately and substantially caused the occurrence made the basis of this action, and the personal injuries and damages sustained by Plaintiff.

19. Defendants' negligence, as described herein, proximately caused Plaintiff to sustain damages far in excess of the minimum jurisdictional limits of this Court.

## VII.
## DAMAGES

20. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe personal injuries, pain, suffering, mental anguish, disability, impairment, and disfigurement, lost wages, lost earning capacity, and incurred reasonable and necessary medical expenses for the care and relief of her injuries. Specifically, Plaintiff suffered injuries to her neck,

back and other parts of her body as applicable. For a long time to come, if not for the rest of her life, Plaintiff will continue to suffer physical injuries, physical impairment, disfigurement, pain and suffering, and mental anguish. Additionally, as a result of the incident, Plaintiff will incur reasonable and necessary medical expenses in the future. Plaintiff now sues for all of these damages in an amount that exceeds the minimum jurisdictional limit of this Court.

21. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff asserts that she is seeking monetary relief in excess of $1,000,000.00.

22. Plaintiff is entitled to recover pre-judgment and post-judgment interest as allowed by law.

## VIII.
## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

### TEMPORARY RESTRAINING ORDER

23. **Respondents/Defendants, Joseph Safwan Shaheen and Pure Transportation, LLC, have committed wrongful acts**. Movant/Plaintiff has filed suit in this matter, but the Respondents/Defendants have yet to file an answer. Plaintiff's Original Petition is on file with this Court and incorporated herein by reference. Plaintiff's Original Petition includes claims for negligence on the part of Respondents/ Defendants.

24. **Movant/Plaintiff has a probable right to relief**. This case involves serious and debilitating injuries sustained by Plaintiff. Her injuries occurred through no fault of her own. The facts of this case will clearly demonstrate that the acts and/or omissions of the Respondents/Defendants caused the injuries to Movant/Plaintiff. As such, Movant/Plaintiff has a probable right to relief on the merits.

25. **Movant/Plaintiff will suffer probable injury if injunctive relief is not granted**. The harm is imminent. It is necessary for Movant/Plaintiff to have Respondents/Defendants

5

preserve the subject vehicle, a 2020 Western Star Conventional 5700 with VIN 5KJJBHDR6LLMF0677, in its current state and location so Movant/Plaintiff's representatives can immediately gain access to the vehicle for the purpose of inspecting, measuring, surveying, photographing, videotaping, and examining the subject vehicle in order to accumulate and preserve material evidence necessary for the proper investigation and/or determination of the facts and circumstances in question in connection with Movant/Plaintiff's claims under applicable Texas laws.

26. **Movant/Plaintiff will sustain imminent and irreparable harm if the relief requested herein is not granted**. Movant/Plaintiff has been informed and believes, and on such information and belief, alleges that Respondents/Defendants and/or their respective agents, servants and/or employees have already begun investigating the collision made the basis of this lawsuit, that the subject vehicle is not being preserved by any investigative authorities, and that material evidence may be lost, altered, or destroyed.

27. **The probable injury will be irreparable if injunctive relief is not granted**. If Respondents/Defendants are not prevented or denied from doing any additional investigation, repairs, testing, moving, or use of the evidence, Respondents/Defendants will likely engage in modifications, alterations, repairs, moving, or use of the evidence that will impair the development and prosecution of this case.

28. **Movant/Plaintiff has no adequate remedy at law**. There is no legal remedy available to Movant/Plaintiff that will protect his rights and interests in this litigation if critical physical evidence is moved, lost, destroyed, or modified. There are no reliable methods of calculating damages to Movant/Plaintiff if such physical evidence is lost, destroyed, or modified.

6

29. **Movant/Plaintiff has acted timely and is willing to post a bond**. The undersigned law firm was recently hired by Movant/Plaintiff to prosecute the causes of action stated herein against Respondents/Defendants and has attempted or will attempt to reach an agreement concerning the preservation of the subject vehicle. Moreover, in the event no agreement can be reached, and a temporary restraining order must issue, Movant/Plaintiff is willing to post a bond.

30. **Movant/Plaintiff requests issuance of a temporary restraining order**. In light of the imminent harm, Movant/Plaintiff requests that the Court issue a temporary restraining order prohibiting or requiring performance of the following acts by Respondents/Defendants until such time as may be ordered by the Court or agreed to by the parties:

   a. Altering, repairing, moving, modifying, damaging, destroying, conveying, transferring, or in any way changing the condition of the subject vehicle, a 2020 Western Star Conventional 5700 with VIN 5KJJBHDR6LLMF0677, involved in the collision made the basis of this litigation.

31. Movant/Plaintiff believes that time is of the extreme essence in obtaining the relief requested herein and that, under this emergency situation, there is not enough time to serve notice on Respondents/Defendants and hold a hearing, although Movant/Plaintiff will make every reasonable effort to notify Respondents/Defendants of a hearing on her application for Temporary Restraining Order and/or Temporary Injunction as set forth below.

## TEMPORARY INJUNCTION

32. Movant/Plaintiff incorporates the foregoing paragraphs by reference as well as the original pleadings on file in this matter.

33. Movant/Plaintiff requests that Respondents/Defendants be cited to appear and show cause and that upon such hearing, a Temporary Injunction be issued enjoining or requiring the Respondents/Defendants, their respective agents, servants, employees, representatives or anyone acting at their direction or in concert with said Respondents/Defendants from altering,

7

repairing, modifying, damaging, destroying, or in any way changing the condition of the subject vehicle involved in the February 4, 2021 collision until at least such time as Movant/Plaintiff has a full opportunity to inspect, measure, survey, photograph, videotape, copy, examine and download same. Specifically, Movant/Plaintiff hereby prays for a temporary injunction prohibiting or requiring performance of the following acts by Respondents/Defendants until such time as may be ordered by the Court or agreed to by the parties:

    a. Altering, repairing, moving, modifying, damaging, destroying, conveying, transferring, or in any way changing the condition of the subject vehicle, a 2020 Western Star Conventional 5700 with VIN 5KJJBHDR6LLMF0677, involved in the collision made the basis of this litigation.

34. Movant/Plaintiff is willing to post a bond.

35. Movant/Plaintiff further requests that after the temporary injunction hearing, this Honorable Court issue a Temporary Injunction directing Respondents/Defendants to allow Movant/Plaintiff and/or her representatives full and complete access to the subject vehicle so that downloads can be performed and so that they may be inspected, measured, surveyed, photographed, videotaped, copied, and fully evaluated, and examined.

## IX.
## CONDITIONS PRECEDENT

36. All conditions precedent have been performed or have occurred to support the Plaintiff's pleadings and causes of action.

## X.
## REQUEST FOR JURY TRIAL

37. Plaintiff respectfully requests a trial by jury and have paid the jury fee.

**WHEREFORE,** Plaintiff requests that Defendants be cited to appear and answer herein and that on final trial, Plaintiff have judgment against Defendants for:

    a. All medical expenses in the past and future;

8

b. Mental anguish in the past and future;

c. Physical pain in the past and future;

d. Physical impairment in the past and future;

e. Lost wages;

f. Lost earning capacity;

g. Disfigurement in the past and future;

h. Pre- and post-judgment interest as allowed by law;

i. Costs of suit; and

j. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

**WYATT LAW FIRM, PLLC**
Oakwell Farms Business Center
21 Lynn Batts Lanes, Suite 10
San Antonio, Texas 78218
Tel.: (210) 340-5550
Fax: (210) 340-5581
E-service: e-serve@wyattlawfirm.com

By:  */s/ Paula A. Wyatt*
Paula A. Wyatt
State Bar No. 10541400
Gavin McInnis
State Bar No. 13679800
Louis Durbin
State Bar No. 24078448
**ATTORNEYS FOR PLAINTIFF**

EXHIBIT 1

STATE OF TEXAS         §
COUNTY OF BEXAR        §

### VERIFICATION

BEFORE ME, the undersigned Notary Public, on this day personally appeared Paula A. Wyatt, who, after being duly sworn, stated under oath that she is the attorney for the Plaintiffs in this action, that she has read the Application for Temporary Restraining Order; and that every statement contained in the application is within her personal knowledge and is true and correct.

_____
PAULA A. WYATT

SUBSCRIBED AND SWORD TO BEFORE ME by the said Paula A. Wyatt, on this the 3rd day of March 2021.

_____
Notary Public in and for the
State of Texas

JACK DENNIS DELUNA
Notary Public, State of Texas
Comm. Expires 12-04-2022
Notary ID 130023721

10

# EXHIBIT 1

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jack De Luna on behalf of Paula Wyatt
Bar No. 10541400
jdeluna@wyattlawfirm.com
Envelope ID: 51276078
Status as of 3/11/2021 2:24 PM CST

Associated Case Party: Zoe Barrie

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jack De Luna | | jdeluna@wyattlawfirm.com | 3/9/2021 8:52:02 AM | SENT |
| Paula A.Wyatt | | e-serve@wyattlawfirm.com | 3/9/2021 8:52:02 AM | SENT |

Unofficial copy Travis Co. District Clerk Velva L. Price

C I T A T I O N
THE STATE OF TEXAS
**CAUSE NO. D-1-GN-21-001049**

ZOE BARRIE
, Plaintiff

vs.
JOSEPH SAFWAN SHAHEEN AND PURE TRANSPORTATION, LLC
, Defendant

TO: PURE TRANSPORTATION , LLC
BY SERVING ITS REGISTERED AGENT PAMELA DANIELS/BLUBONNET PROCESS SERVICE
10358 CR 3101
WINONA, TEXAS 75792
OR WHEREVER THEY MAY BE FOUND

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER/TEMPORARY INJUNCTION of the PLAINTIFF in the above styled and numbered cause, which was filed on MARCH 9, 2021 in the 201ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, March 18, 2021.

REQUESTED BY:
PAULA JAMES WYATT
21 LYNN BATTS LN STE 10
SAN ANTONIO, TX 78218-3079
BUSINESS PHONE:(210)340-5550 FAX:(210)340-5581

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

---------- **RETURN** ----------

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M.,
by delivering to the within named _____, each in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER/TEMPORARY INJUNCTION, LAWYER REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By:_____

_____ day of _____, _____.

_____
Printed Name of Server

_____  _____ County, Texas
Notary Public, THE STATE OF TEXAS

D-1-GN-21-001049     SERVICE FEE NOT PAID     P01 - 000104400

Unofficial copy Travis Co. District Clerk Velva L. Price

C I T A T I O N
T H E   S T A T E   O F   T E X A S
**CAUSE NO. D-1-GN-21-001049**

ZOE BARRIE
                                                                                                                                        , Plaintiff

    vs.

JOSEPH SAFWAN SHAHEEN AND PURE TRANSPORTATION, LLC
                                                                                                                                        , Defendant

TO:   JOSEPH SAFWAN SHAHEEN
       30407 EIFFEL AVE
       WARREN, MICHIGAN 48088
       OR WHEREVER THEY MAY BE FOUND

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER/TEMPORARY INJUNCTION of the PLAINTIFF in the above styled and numbered cause, which was filed on MARCH 9, 2021 in the 201ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, March 18, 2021.

REQUESTED BY:
PAULA JAMES WYATT
21 LYNN BATTS LN STE 10
SAN ANTONIO, TX 78218-3079
BUSINESS PHONE:(210)340-5550   FAX:(210)340-5581

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

-- -- -- -- -- -- -- -- **R E T U R N** -- -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named _____, each in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER/TEMPORARY INJUNCTION, LAWYER REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By:_____

_____ day of _____, _____.

_____
Printed Name of Server

_____          _____ County, Texas
Notary Public, THE STATE OF TEXAS

D-1-GN-21-001049                               SERVICE FEE NOT PAID                               P01 - 000104399

Unofficial copy Travis Co. District Clerk Velva L. Price